UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN JOHN CLAYTON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DOES, <br><br> Defendants. | CASE NO. C23-1324JLR <br><br> SHOW CAUSE ORDER |

Before the court is *pro se* Plaintiffs Stephen John Clayton and Christopher Stephen Clayton's (collectively, "Plaintiffs") complaint. (Compl. (Dkt. # 5).) Having reviewed the complaint, the court finds that Plaintiffs have failed to allege an adequate basis for subject matter jurisdiction. The court therefore orders Plaintiffs to show cause, by no later than **September 21, 2023**, why this action should not be dismissed for lack of subject matter jurisdiction.

Plaintiffs assert that the court's jurisdiction is based on diversity of citizenship. (Compl. at 3.) In order to establish diversity jurisdiction under 28 U.S.C. § 1332(a), a

SHOW CAUSE ORDER - 1

plaintiff must allege, as Plaintiffs do here, that the amount in controversy is over $75,000.00.  *See* 28 U.S.C. § 1332(a); (Compl. at 4 (claiming $100,559.34 in total damages in this action, which allegedly reflects "the market value of Ethereum on August 12, 2022")).  Section 1332(a) also "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants."  *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  Plaintiffs allege that they are citizens of Washington.  (Compl. at 3.)  They name as Defendants "Does" (*id.* at 1), but do not include any allegations regarding the citizenship of the Does (*see generally id.* at 2-4).

The face of the complaint makes unclear, therefore, whether complete diversity is present between Plaintiffs and the Does.  *See, e.g.*, *Subaru of Am., Inc. v. HTMC, LLC*, No. SACV1801526AGADSX, 2018 WL 6844716, at *2-4 (C.D. Cal. Nov. 9, 2018) (dismissing complaint against Doe defendants for lack of diversity jurisdiction because plaintiff's speculative "allegation that the Doe defendants reside in Southern California" was insufficient to establish doe defendants citizenship for diversity purposes); *Medina v. Chas Roberts Air Conditioning, Inc.*, No. CV 05 4214 PHX SMM, 2006 WL 2091665, at *6 (D. Ariz. July 24, 2006) ("The Ninth Circuit has rejected naming 'Doe' defendants in diversity actions, on the grounds that complete diversity cannot exist if the identity and citizenship of some defendants (i.e., the 'Does') are unknown." (citing *Fifty Assocs. v. Prudential Life Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970))).[1]  Absent

---

[1] Although fictitious defendants are not considered for purposes of complete diversity in the removal context, *see* 28 U.S.C. § 1441(b)(1), there is no comparable provision for diversity

allegations in the complaint that establish complete diversity, this court cannot hear Plaintiffs' claims.[2]  *See Morris*, 236 F.3d at 1067.

In light of the court's inability to discern whether complete diversity exists, the court ORDERS Plaintiffs to SHOW CAUSE, by no later than **September 21, 2023**, why this action should not be dismissed for lack of subject matter jurisdiction.  If Plaintiffs' response alters the parties to this action or the underlying factual allegations, Plaintiffs must file an amended complaint.[3]  If Plaintiffs fail to timely file an amended complaint or provide the court with information establishing the citizenship of Does, the court will DISMISS this case without prejudice.

Dated this 8th day of September, 2023.

JAMES L. ROBART
United States District Judge

---

jurisdiction generally or in the context of complaints originally filed in federal court, *see* 28 U.S.C. § 1332; *Subaru*, 2018 WL 6844716, at *2-4.

[2] Although Plaintiffs have the burden of establishing grounds for diversity jurisdiction, the court also has the obligation to satisfy itself that it has subject matter jurisdiction over a case and to address the issue *sua sponte* if necessary.  *See Snell v. Cleveland, Inc.*, 316 F.3d 822, 826 (9th Cir. 2002) (citing Fed. R. Civ. P. 12(h)(3)).

[3] The court cautions Plaintiffs "that an amended complaint supersedes the original complaint and renders it without legal effect."  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Thus, Plaintiffs should be careful to include all relevant factual allegations and legal claims in their amended complaint, if any.