UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN JOHN CLAYTON, et al.,<br><br>                Plaintiffs,<br>     v.<br><br>DOES,<br><br>                Defendants. | CASE NO. C23-1324JLR<br><br>ORDER |

On September 8, 2023, the court issued an order to show cause why the case should not be dismissed for lack of subject matter jurisdiction. (OSC (Dkt. # 7).) The court noted that the face of the complaint makes unclear whether complete diversity is present between *pro se* Plaintiffs Stephen John Clayton and Christopher Stephen Clayton (collectively, "Plaintiffs") and Defendants "Does" because Plaintiffs' complaint does not include any allegations regarding the citizenship of the Does. (*Id.* at 2 (citing Compl. (Dkt. # 5)).) "Absent allegations in the complaint that establish complete diversity, this

//

ORDER - 1

court cannot hear Plaintiffs' claims." (*Id.* at 2-3.)  Thus, the court ordered Plaintiffs to provide information establishing the citizenship of the Does.  (*Id.* at 3.)

Plaintiffs timely responded to the court's show cause order by filing an amended complaint.  (Am. Compl. (Dkt. # 10).)  Plaintiffs assert that they can only identify the Does by their cryptocurrency transaction IDs and need to conduct third party discovery in order to obtain the Does's actual identity and citizenship.  (*Id.* at 5-7 (stating that Plaintiffs intend to seek third party discovery from Binance Holdings Limited and CEX.IO Corp.).)  In light of the foregoing, the court concludes that Plaintiffs have failed to establish the existence of complete diversity between the parties.  (*See* OSC at 2-3.)  Therefore, the court does not have diversity jurisdiction over this action.  *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

However, when Plaintiffs amended their complaint, they replaced their common law claims with a claim under Section 4b of the Commodity Exchange Act ("CEA"), 7 U.S.C. § 6b.  (*See* Am. Compl. at 5 (asserting that the court has federal question jurisdiction).)  28 U.S.C. § 1331 provides that federal question jurisdiction exists when a plaintiff's claim arises under the Constitution, laws, or treaties of the United States.  *See also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[A] federal question [must be] presented on the face of the plaintiff's properly pleaded complaint.").  Thus, federal question jurisdiction arises where "federal law creates a cause of action" or where "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) (internal quotation marks omitted).  Because the amended complaint alleges that the Does violated

federal law and brings a claim under Section 4b of the CEA, the court finds that it has federal question jurisdiction over this action.[1] *See also, e.g.*, *Jing v. Sun*, No. CV212350GRBAYS, 2022 WL 1505950, at *14 (E.D.N.Y. Jan. 4, 2022) (recognizing that there is a private right of action under Section 4b of the CEA); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 390-91 (1982) (holding that Section 4b of the CEA gives rise to an implied private right of action).

In sum, although the court does not have diversity jurisdiction over this action, it does have federal question jurisdiction. Therefore, the court DISCHARGES its order to show cause (Dkt. # 7).

Dated this 12th day of September, 2023.

JAMES L. ROBART
United States District Judge

---

[1] The court does not, at this stage, evaluate whether Plaintiffs have stated a plausible claim for relief under Section 4b.

ORDER - 3