UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN JOHN CLAYTON, et al., | CASE NO. C23-1324JLR |
| Plaintiffs, | ORDER |
| v. | |
| DOES, | |
| Defendants. | |

## I.   INTRODUCTION

Before the court is *pro se* Plaintiffs Stephen John Clayton and Christopher Stephen Clayton's ("Plaintiffs") *ex parte* "motion for discovery to subpoena third parties without initial disclosure."  (Mot. (Dkt. # 12).)  The court has considered the motion, the relevant portions of the record, and the governing law.  Being fully advised, the court DENIES Plaintiffs' motion without prejudice to file a subsequent *ex parte* motion for leave to serve third-party subpoenas prior to a Rule 26(f) conference.

//

## II.   BACKGROUND

Plaintiffs want to know who "cashed out" Stephen Clayton's cryptocurrency reserves on various crypto exchange platforms.  (Am. Compl. (Dkt. # 10) at 2.)  Between May 10, 2022 and August 22, 2022, Stephen[1] allegedly deposited $61,809.40 worth of Ethereum cryptocurrency into an account using the website vip.biitflyeir.com ("Book Exchange").  (*Id.* at 1-2.)  When he later sought to withdraw his investment, Stephen was only able to retrieve $2,275 worth of United States Dollar Tether, another cryptocurrency.  (*Id.* at 2.)  Plaintiffs later discovered that the remaining principal had been liquidated on three crypto exchanges:  (1) Binance 14, operated by Binance Holdings Limited ("Binance") in the Cayman Islands; (2) CEX.IO, operated by CEX.IO Corp. ("CEX.IO") in Naperville, Illinois; and (3) OKX 7, operated by Aux Cayes FinTech Co. Ltd. ("OKX") in the Republic of Seychelles.  (*Id.* at 2-4; Mot. at 2-3.)  Plaintiffs then worked with "professional cryptocurrency tracers" to verify that Binance, CEX.IO, and OKX are in possession of "relevant personally identifiable information of unknown Defendants" (the "Doe Defendants").  (Am. Compl. at 4; *see also* Mot. at 3.)  In other words, Plaintiffs believe Binance, CEX.IO, and OKX can tell them who stole Stephen's crypto.

Accordingly, Plaintiffs filed the present motion seeking "approval to issue subpoenas" to Binance, CEX.IO, and OKX demanding that they "[p]rovide the names, physical addresses, email addresses, redacted bank account numbers and banking

---

[1] The court uses Plaintiffs' first names for clarity.

ORDER - 2

1  institutions on file for the account holders associated with four distinct transaction ID

2  numbers where [Stephen's] value of cryptocurrency was cashed out" in order "to identify

3  the unknown Defendants."  (Mot. at 4, 11, 15.)

### III.    ANALYSIS

5          This court has a "duty to construe pro se motions liberally."  *United States v. Qazi*,

6  975 F.3d 989, 993 (9th Cir. 2020).  Accordingly, the court construes Plaintiffs' motion as

7  one requesting leave to serve third-party subpoenas prior to a Rule 26(f) conference.  *See*

8  *Malibu Media, LLC v. Doe*, 319 F.R.D. 299, 301 (E.D. Cal. 2016) (ruling on such a

9  motion); *Strike 3 Holdings, LLC v. Doe*, No. C17-1733MJP, 2017 U.S. Dist. LEXIS

10  204354, at *1 (W.D. Wash. Dec. 12, 2017) (same).  The court first sets forth the relevant

11  legal standard before turning to the merits of Plaintiffs' motion.

12  **A.    Legal Standard**

13          A party may seek production of documents from third parties pursuant to Federal

14  Rule of Civil Procedure 45.  *See* Fed. R. Civ. P. 45(a)(1).  "The scope of third-party

15  discovery is governed by Rule 26 and includes 'any nonprivileged matter that is relevant

16  to a party's claim or defense and proportional to the needs of the case.'"  *Bel Power Sols.,*

17  *Inc. v. Monolithic Power Sys., Inc.*, No. C23-0008JCC, 2023 WL 2401926, at *1 (W.D.

18  Wash. Mar. 8, 2023) (quoting Fed. R. Civ. P. 26(b)(1)).  Importantly, "Rule 45 does not

19  allow for interrogatories to third parties," including "interrogatories disguised as a request

20  for production."  *Id.* (first citing *Turner v. Ralkey*, No. C20-5472BHS-DWC, 2021 WL

21  135855, at *3 (W.D. Wash. Jan. 13, 2021); then citing *Duong v. Groundhog Enters., Inc.*,

22  No. 2:19-cv-01333-DMG-MAA, 2020 WL 2041939, at *8 (C.D. Cal. Feb. 28, 2020)).

1    "As a general rule, discovery proceedings take place only after the defendant has

2    been served." *MG Premium Ltd. v. Does 1-20*, No. C20-5134BHS, 2020 WL 1675741,

3    at *1 (W.D. Wash. Apr. 6, 2020) (quoting *Columbia Ins. Co. v. Seescandy.com*, 185

4    F.R.D. 573, 577 (N.D. Cal. 1999)).  Courts have made exceptions to this rule "in rare

5    cases" such as those in which "the tortious activity occurred entirely online," allowing

6    "limited discovery to ensue after filing of the complaint to permit the plaintiff to learn the

7    identifying facts necessary to permit service on the defendant." *Id.* (quoting *Columbia*

8    *Ins. Co.*, 185 F.R.D. at 577).

9    Requests for pre-service discovery may be granted upon a showing of good cause.

10   *Id.*; *see also Strike 3 Holdings*, 2017 U.S. Dist. LEXIS 204354, at *1 (holding that good

11   cause existed for the plaintiff to serve a third party subpoena prior to a Rule 26(f)

12   conference).  District courts in this Circuit have developed a three-factor test to determine

13   whether good cause exists to permit the sort of early discovery Plaintiffs seek to assist in

14   identifying unknown defendants.  *See MG Premium*, 2020 WL 1675741, at *1; *see also*

15   *QOTD Film Inv. Ltd. v. Does 1-30*, No. 2:16-cv-00928-APG-GWF, 2016 WL 8735619,

16   at *2 (D. Nev. May 6, 2016).  "First, the moving party should be able to identify 'the

17   missing party with sufficient specificity such that the Court can determine that defendant

18   is a real person or entity who could be sued in federal court.'" *MG Premium*, 2020 WL

19   1675741, at *1 (quoting *Columbia Ins. Co.*, 185 F.R.D. at 578).  "Second, the moving

20   party should be able to identify 'all previous steps taken to locate the elusive defendant.'"

21   *Id.* at *2 (quoting *Columbia Ins. Co.*, 185 F.R.D. at 578).  And "[t]hird, the moving party

22   should be able to 'establish to the Court's satisfaction that [its] suit against defendant

1  could withstand a motion to dismiss.'" *Id.* (quoting *Columbia Ins. Co.*, 185 F.R.D. at

2  578).

3  **B.    Plaintiffs' Motion for Early Discovery**

4        For the reasons explained below, the court concludes that Plaintiffs' requests are

5  tantamount to an interrogatory and that Plaintiffs have not demonstrated good cause for

6  the requested early discovery.

7             *a.  Improper Interrogatory*

8        To begin, Plaintiffs' request that Binance, CEX.IO, and OKX "[p]rovide the

9  names, physical addresses, email addresses, redacted bank account numbers and banking

10  institutions on file for the account holders associated with four distinct transaction ID

11  numbers" (Mot. at 15) is an interrogatory because it is a written question seeking written

12  information—not physical documents, electronically stored information, or other tangible

13  things that are discoverable through a subpoena. *See Womack v. Tate*, No.

14  1:19-cv-00614-ADA-BAM (PC), 2023 U.S. Dist. LEXIS 121496, at *6 (E.D. Cal. July

15  14, 2023) ("An interrogatory is a written question propounded by one party to another

16  who must answer under oath and in writing."); *see also* Fed. R. Civ. P. 45(a)(1)(A)(iii)

17  (noting that subpoenas may command persons to "attend and testify; produce designated

18  documents, electronically stored information, or tangible things in that person's

19  possession, custody, or control; or permit the inspection of premises").  What Plaintiffs

20  seek is not a form of discovery permitted under Rule 45.  *See Bel Power Sols.*, 2023 WL

21  2401926, at *1.  The court therefore DENIES Plaintiffs' motion to the extent it seeks an

22  order permitting third-party discovery that is not authorized by the Federal Rules of Civil

1   Procedure.  The court notes that Plaintiffs could permissibly attempt to discover the

2   desired information by requesting documents from Binance, CEX.IO, and OKX in

3   compliance with Rule 45.

4           b.  *Good Cause*

5           Plaintiffs also fail to demonstrate good cause for issuing Rule 45 subpoenas to

6   Binance, CEX.IO, and OKX.  The court considers each of the relevant three factors

7   below.  *See MG Premium*, 2020 WL 1675741, at *1 (setting forth the three-factor test

8   regarding early discovery).

9           First, Plaintiffs have identified the Doe Defendants as individuals "associated with

10  the operation of the [Book Exchange] platform" who had "access to [Stephen's]

11  account."  (Am. Compl. at 5.)  Accordingly, they have "identified the missing party(s)

12  with as much clarity as possible."  *MG Premium*, 2020 WL 1675741, at *1.  "Thus, as

13  real persons/entities, these Does can be sued in federal court."  *Id.*

14          Second, Plaintiffs have adequately detailed the steps they took to locate the Doe

15  Defendants.  Plaintiffs hired "professional cryptocurrency tracers" and list the exact

16  transaction ID numbers associated with the allegedly fraudulent withdrawals of Stephen's

17  crypto funds in their complaint.  (*See* Am. Compl. at 3-4.)  Plaintiffs have come to a dead

18  end, however, and it does not appear that there are any additional measures they could

19  take to identify the Doe Defendants other than to obtain their identifying information

20  from Binance, CEX.IO, and OKX.  Because Plaintiffs "must serve subpoenas" to obtain

21  they information they seek, this factor weighs in favor of finding good cause.  *MG*

22  *Premium*, 2020 WL 1675741, at *2.

1    The third factor is where Plaintiffs fall short.  *See MG Premium*, 2020 WL

2    1675741, at *2 (stating that the third factor requires the movant to show that the

3    complaint could withstand a motion to dismiss).  Plaintiffs assert that the court has

4    federal question jurisdiction *via* Section 4b of the Commodity Exchange Act ("CEA"), 7

5    U.S.C. § 6(b) (*see* Am. Compl. at 5; *see also* 9/12/23 Order (Dkt. # 11) at 2 (describing

6    Plaintiffs' CEA claim)), but they have not alleged a *prima facie* case of fraud under

7    Section 4b.  Aside from the "Jurisdiction and Venue" section of their complaint,

8    Plaintiffs do not discuss the CEA or Section 4b.  (*See generally* Am. Compl.)  Plaintiffs'

9    assertion of a claim under the CEA is unlikely to survive a motion to dismiss because

10   Section 4b "governs domestic ***futures*** transactions," not standard crypto-asset exchanges.

11   *See First Commodity Corp. of Bos. v. Commodity Futures Trading Comm'n*, 676 F.2d 1,

12   4 (1st Cir. 1982) (emphasis added); *see also Hirk v. Agri-Rsch. Council, Inc.*, 561 F.2d

13   96, 104 (7th Cir. 1977) ("Section 4b encompasses conduct 'in or in connection with'

14   futures transactions." (quoting 7 U.S.C. § 6b(a))); Congressional Rsch. Serv.,

15   *Crypto-Asset Exchanges: Current Practices and Policy Issues* 2 (July 23, 2021),

16   https://crsreports.congress.gov/product/pdf/IN/IN11708 (noting that the CEA provides

17   for the regulation of "derivatives exchanges (for example, exchanges trading Bitcoin

18   futures rather than Bitcoins)," but "does not otherwise regulate these markets or market

19   participants").  It does not appear that Stephen purchased cryptocurrency futures.  (*See*

20   *generally* Am. Compl.)  Instead, he "deposited 51.355 units of [Ethereum] into his Book

21   Exchange account," which were later allegedly dispersed and withdrawn by the Doe

22   Defendants.  (*Id.* at 3.)

1    The court concludes that Plaintiffs' complaint is unlikely to survive a motion to

2  dismiss.  Good cause therefore does not currently exist to subpoena Binance, CEX.IO,

3  and OKX for information concerning the Doe Defendants.  *See MG Premium*, 2020 WL

4  1675741, at *2.  Plaintiffs may file a second amended complaint against the Doe

5  Defendants that plausibly alleges a violation of federal law in accordance with the

6  Supreme Court's decisions in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic*

7  *Corp. v. Twombly*, 550 U.S. 544 (2006).

8                                    **IV.    CONCLUSION**

9    For the foregoing reasons, the court DENIES Plaintiffs' motion to subpoena third

10  parties (Dkt. # 12).  The court GRANTS Plaintiffs leave to file a second amended

11  complaint by no later than **December 29, 2023**.  Plaintiffs may then file a renewed *ex*

12  *parte* motion for leave to serve third-party subpoenas prior to a Rule 26(f) conference by

13  no later than **January 26, 2024**.

14    Dated this 6th day of December, 2023.

15                                              _____

16                                              JAMES L. ROBART
                                               United States District Judge

17

18

19

20

21

22

ORDER - 8