UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEPHEN JOHN CLAYTON, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>DOES,<br><br>  Defendants. | CASE NO. C23-1324JLR<br><br>ORDER |

Before the court is *pro se* Plaintiffs Stephen John Clayton and Christopher Stephen Clayton's (together, "Plaintiffs") second amended complaint. (2d Am. Compl. (Dkt. # 14).) On September 8, 2023, the court issued an order directing Plaintiffs to show cause as to why this action should not be dismissed for lack of subject matter jurisdiction. (9/8/23 OSC (Dkt. # 7).) The court discharged the order to show cause after Plaintiffs amended their complaint to add a claim under federal law. (9/12/23 Order (Dkt. # 11) at 2; *see* 1st Am. Compl. (Dkt. # 10) at 5 (alleging a violation of the Commodity Exchange Act ("CEA")).) Plaintiffs then filed a motion for leave to seek pre-service discovery

ORDER - 1

from three nonparties.  (*See generally* 10/9/23 Mot. (Dkt. # 12).)  The court denied Plaintiffs' motion because their claim under the CEA was unlikely to survive a motion to dismiss.  (*See* 12/6/23 Order (Dkt. # 13) at 7 (citing *MG Premium Ltd. v. Does 1-20*, No. C20-5134BHS, 2020 WL 1675741, at *2 (W.D. Wash. Apr. 6, 2020)).)  The court granted Plaintiffs leave to file a second amended complaint and renewed motion for early discovery, and they timely did so.  (*Id.* at 8.  *See generally* 2d Am. Compl.; 12/21/23 Mot. (Dkt. # 15).)

      Having reviewed Plaintiffs' second amended complaint, the court concludes that it lacks subject matter jurisdiction over Plaintiffs' claims and must dismiss this action.  Federal Rule of Civil Procedure 12(h)(3) provides that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).  Plaintiffs' second amended complaint asserts claims under Title 18 of the United States Code and for common law conversion.  (*See* 2d. Am. Compl. at 7, 9.)  None of Plaintiffs' claims confer subject matter jurisdiction on this court.

      First, federal question jurisdiction is foreclosed because Plaintiffs' only purported federal claims are brought under Title 18, "a federal criminal statute which does not create civil liability or a private right of action."  *Carrow v. Roberts*, No. EDCV 21-1525 JGB (SHKx), 2022 WL 2102934, at *5 (C.D. Cal. Jan. 3, 2022) (quoting *ManorCare of Easton PA LLC v. Nagy*, No. 13-5957, 2017 WL 4347623, at *4 (E.D. Pa. Sept. 29, 2017)); *see also Kremen v. Cohen*, 325 F.3d 1035, 1037-38 (9th Cir. 2003) (certifying questions about the tort of conversion to state court because conversion claims are governed by state law).  Because Plaintiffs do not state a claim under federal law, the

court lacks federal question subject matter jurisdiction over this case.  *See* 28 U.S.C. § 1331; (*see also* 12/6/23 Order at 8 (granting leave to file a second amended complaint that plausibly alleged claims under federal law)).

Second, the court lacks diversity subject matter jurisdiction over this matter because Plaintiffs' second amended complaint does not include allegations that establish complete diversity of citizenship among the parties.  *See* 28 U.S.C. § 1332(a)(1) (conferring diversity jurisdiction where the action is between "citizens of different States"); (*see also* 9/12/23 Order at 2 (stating that Plaintiffs cannot establish diversity jurisdiction absent allegations regarding defendants' citizenship); 9/8/23 OSC at 3 (warning Plaintiffs that failure to establish subject matter jurisdiction would result in dismissal without prejudice)).  (*See generally* 2d Am. Compl.)

Although it is the court's practice to liberally grant leave to amend, especially in *pro se* cases, further amendment is not warranted in this case.  Plaintiffs have twice amended their complaint, and their second amended complaint comes no closer to establishing subject matter jurisdiction than their initial complaint.  The court therefore concludes that granting additional leave to amend would be futile.

Accordingly, the court DISMISSES this action without prejudice for lack of subject matter jurisdiction.  The court DENIES Plaintiffs' pending motion for early discovery (Dkt. # 15) as moot.

Dated this 30th day of January, 2024

JAMES L. ROBART
United States District Judge